No. 2468.—STATE OF LOUISIANA ex rel. ANDREW HERO, Jr., *v.* WILLIAM J. CASTELL.

The office of City Notary of the city of New Orleans, not being created or recognized by the charter, is not a municipal office, and the provisions of the act of 1868, No. 156, usually termed the Intrusion Act, can not be invoked in a contest between two notaries for the position.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. Hornor & Benedict*, for plaintiff and appellant. *T. Gilmore* and *J. H. Ilsley*, for defendant and appellee.

TALIAFERRO, J. This is a contest for office. The suit is brought under the Intrusion Act of 1863, p. 199. Both claim the office of city notary; the relator by virtue of an election by the City Council, in June, 1868, the defendant by an election of the City Council in June, 1869. The relator alleges the election of the defendant to be null, on the ground that the City Council itself, at that time, was not a legally constituted body, and that the election was held at a time different from that established by law, and that no legal election having taken place since the expiration of the term for which he was elected, he holds over and is legally in office until a successor is regularly elected. The defendant filed a peremptory exception, averring that relator has no cause of action; that the act of the Legislature under which the relator proceeds has reference solely to public offices and franchises; that the office of city notary is unknown to the law, and that it does not come within the purview of the Intrusion Act.

The exception was sustained by the lower court and the suit dismissed. The relator has appealed.

We do not find that the city charter authorizes or establishes the office of city notary. The charter declares there shall be a city attorney, a treasurer, a surveyor and one assistant attorney, but is silent as to a city notary. The act of 1868, usually termed the Intrusion Act, embraces both State and municipal offices of a public nature, and which are known to the law as such. The City Council, for its convenience and for the facility of business, selects a notary public, specially to draw up such deeds and instruments as may be required, and he is called city notary. We regard his office as one merely incidental and subordinate, and not to be considered as of that character of public office contemplated by the Intrusion Act.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.